Donahue, Appellant, vs. Gunter, Respondent.

*March 17—April 5, 1910.*

*Appeal: Questions of fact: Recitals: Bill of exceptions: Disregarding irregularities: Stipulations: Performance prevented by other party: Sheriffs: Moneys deposited under stipulation: Application: Pleading: Demand for excessive relief.*

1. Recitals of fact in the decision and judgment of the trial court will, on appeal, be assumed to be true where there is no bill of exceptions.

2. If in such a case the facts recited sustain the judgment it should be affirmed, notwithstanding an irregularity in that the action was dismissed upon motion after the case was at issue and before it was reached for trial.

3. Where money was deposited with the sheriff by a judgment debtor pursuant to a stipulation between the creditor and debtor that it should be applied upon the judgment "in the event of said debtor neglecting and refusing to file" an undertaking on appeal within a certain time, and three days before that time expired a good and sufficient undertaking was served on the attorney for the creditor and was retained by him for his own convenience until after the time fixed for filing had expired, but was filed by the debtor immediately upon its being returned to him, the creditor cannot be heard to say that the debtor *neglected and refused* to file the undertaking pursuant to the stipulation.

4. The money in such case being deposited with the sheriff as a mere stakeholder and not collected by him on execution, sec. ₊2894c, Stats. (Laws of 1905, ch. 132), has no application.

5. Where money is paid to and accepted by a sheriff pursuant to a stipulation between the parties to a judgment, he is a party in fact to such stipulation although he does not sign it, and is not justified in applying or paying over the money otherwise than in accordance with the terms of the. agreement.

6. One entitled to the return of at least a part of a sum deposited by him should not be denied recovery because in his complaint he demands the entire sum.

Appeal from a judgment of the circuit court for Kenosha county: E. B. Belden, Circuit Judge. *Reversed.*

On January 7, 1909, one M. G. O'Donnell obtained a

judgment in a tort action against the plaintiff for $283.18 damages and costs. On January 12, 1909, execution was issued on said judgment, which was returned unsatisfied on the 22d. On January 23d execution was issued against the body of the plaintiff and he was arrested by the defendant, who was the sheriff of Kenosha county. Thereupon the following stipulation was signed by the attorneys for the respective parties:

"It is hereby stipulated and agreed by and between the attorneys for Michael G. O'Donnell, plaintiff, and *Edward Donahue,* defendant, that said defendant who has been arrested upon execution against the body, and is now in the custody of the sheriff of Kenosha county, that upon the said *Donahue,* defendant, depositing with the said sheriff the sum of three hundred and twenty-five (325) dollars, until the said *Donahue* shall file an undertaking, with sufficient sureties, as required by law, then and in that case the said sheriff may release the said *Donahue,* defendant, and after the filing of said undertaking, with good and sufficient sureties, the amount so deposited shall by said sheriff be returned to the said *Donahue,* defendant, and in the event of said *Donahue* neglecting and refusing to file undertaking with good and sufficient sureties within sixty (60) days from the 8th day of January, 1909, then said amount so deposited shall be applied on said plaintiff's judgment, unless the defendant, for cause satisfactory to the court, shall procure an extension of said time.

"Dated at Kenosha, January 23, 1909."

The plaintiff prepared appeal papers and served the same with the undertaking on the attorney for O'Donnell on March 6, 1909. Such attorney desired to retain the undertaking for the purpose of submitting it to his client, although he admitted service thereon as of March 6th. It is alleged in the complaint that such undertaking was not returned to the plaintiff's attorney until 8 o'clock in the evening of March 9, 1909, although demand therefor had been made, and that it was then too late to file it with the clerk of the

court before the following morning. Upon filing such undertaking the plaintiff demanded the return of the money deposited with the defendant, which demand was refused, and it appears from an allegation of the answer that on March 17, 1909, the money was applied in satisfaction of the judgment. The complaint contains allegations to the effect that the parties by stipulation voluntarily extended the time for filing the undertaking, and also that the undertaking was in fact filed before March 10th.

Plaintiff brings this action to recover from the defendant the sum of $325 deposited with him under the aforesaid stipulation. The answer sets up as a defense the failure of the plaintiff to file the undertaking within the time provided for in the stipulation, and also failure to secure any extension of time from the court within which the same might be filed, and asserts that the defendant complied with his full duty under the terms of the stipulation in making the disposition which he did of the money in his hands. Before the case was reached for trial the defendant made a motion to dismiss the action, which motion was granted, and from the judgment dismissing the same this appeal is taken.

For the appellant there was a brief by *John C. Slater,* and oral argument by *George Kroncke.*

*Calvin Stewart,* for the respondent.

BARNES, J. The practice pursued in this case, to say the least, was irregular. After the case was at issue, but before it was reached for trial, the defendant moved the court to dismiss the action and the motion was granted. The complaint clearly states a cause of action, and unless some proof was offered or some admissions were made on the hearing of the motion it should have been denied. No bill of exceptions was settled in the case, so that all we have before us are the pleadings, the decision of the court, and the judgment. The recitals of fact in the decision and judgment we must

assume to be true, and if they support the judgment it should
be affirmed under ch. 192, Laws of 1909 (sec. 3072m,
Stats.), notwithstanding the irregularity referred to.    There
are some admissions contained in the answer which are not
negatived by the recitals of the court, and which, we think,
may properly be considered.    It is there set forth that the
defendant did not satisfy the execution out of the money in
his hands until March 17, 1909, and that the plaintiff did
not demand the return of his money until the morning of
March 10th, being the day after the time for filing the under-
taking had expired under the terms of the stipulation.    The
court found that the undertaking was not filed until March
10th; that no application had been made to the court to ex-
tend the time for filing it; that the undertaking was executed
and submitted to the attorney for the judgment creditor and
was by him approved as early as March 6th; that under
sec. 2894c, Stats. (Laws of 1905, ch. 132, sec. 2), no action
could be maintained against the defendant; and that in any
event, the undertaking not having been filed within the time
provided for in the stipulation, the defendant was within his
right in using the money to satisfy the execution.    The court
does not expressly find why the undertaking was not filed
sooner, but does say:

"It is urged that the reason the undertaking was not filed
within sixty days was that the same was retained by counsel
for O'Donnell; but inasmuch as it is conceded that the under-
taking was approved by said counsel March 6, 1909, the rea-
son submitted is not considered sufficient to excuse noncom-
pliance with the terms of the stipulation regarding the filing
of the undertaking."

This statement would indicate that on the hearing of the
motion no showing was made that controverted the allega-
tions of the complaint to the effect that, although O'Donnell's
attorney approved of the sureties on the undertaking, he de-
sired to retain it until he could submit it to his client, who
was a practicing attorney, and that he retained the same in

his possession until 8 o'clock of the evening of March 9th, although demand was made on him to return it sooner, and that it was then too late to file it until the morning of March 10th. The complaint also alleges that before he satisfied the execution the defendant was advised of the reason of the delay in filing the undertaking. No finding of fact is made on this question.

It will thus be seen that the appeal involves two propositions: (1) Was the sheriff justified under the circumstances in making the disposition of the money which he did? (2) If he was not, can plaintiff maintain this action against him?

With the meager facts we have before us, the first question is not as easy of solution as it otherwise might be. It seems certain that the plaintiff attempted in good faith to file his undertaking and perfect his appeal within the sixty-day period. It further appears that a good and sufficient undertaking was served on the attorney for the judgment creditor three days before that time expired, and we further think it must be assumed that the undertaking was retained by such attorney for his own convenience or for that of his client until it was too late to file it before the morning of March 10th. Now, the terms of the stipulation were that, in the event of the plaintiff *"neglecting and refusing"* to file the undertaking within sixty days from January 8th, the money deposited with the defendant should be applied in satisfaction of the judgment. The conditions of this stipulation were binding on the defendant. Can it be said that the plaintiff neglected and refused to file the document? It cannot be held that he refused to do so, although he may have been guilty of some neglect in not either insisting on its earlier return or moving the court for an extension of time in which to file. When service was made three days before the time within which to file would expire, and the party on whom the service was made retained the document for his own convenience, and

neglected or refused to return it, he should not be heard to say that the other party had "neglected" or "refused" to comply with the stipulation, until he had placed such party in a position where he could do so. *Case v. Beyer, post,* p. 496, 125 N. W. 947. It is a fair assumption that the defendant knew of these facts. It was his business to know before he parted with the money whether the plaintiff had *neglected and refused* to file the stipulation or had been prevented from so doing by the judgment creditor. We conclude that the plaintiff was excused from filing the undertaking at an earlier date than he did, and that the defendant was not justified under the terms of the stipulation in making the disposition of the money which he did. This conclusion is reached on the meager facts before us.

We do not regard sec. 2894c, Stats. (Laws of 1905, ch. 132), as having any application to the case. The sheriff did not collect the money deposited with him on execution. It was deposited with him as a mere stakeholder to be disposed of according to the agreement of the parties. They had the right to make the agreement which they did. If the statute in question applies, the defendant could not return the money to the plaintiff if the stipulation had been complied with the day after it was made. The money might as well have been deposited with a person who was not an officer as with the defendant. It being admitted that the money was paid over and accepted under the stipulation, its terms were binding on the defendant. He had no right to disregard the agreement to which he was a party in fact, although he did not sign it. If he did not wish to accept the money under the conditions upon which it was left with him, he should have refused it.

Moreover, the amount due upon the judgment, with interest and costs, as appears from the answer, was $304.01 when the judgment was satisfied. The amount deposited with the defendant was $325. We think the plaintiff was

clearly entitled to a return of $20.99 on any view of the case, and that the plaintiff should not have been denied recovery because he demanded the entire sum in his complaint.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

SIEBECKER, J., dissents.