Donahue, Appellant, vs. Gunter, Respondent.

*October 11—October 29, 1912.*

*Sheriffs: Money deposited under stipulation: Undertaking on appeal: Retention by other party: Preventing filing: Demand.*

1. Where money was deposited with the sheriff by a judgment debtor pursuant to a stipulation between the creditor and debtor that it should be applied upon the judgment "in the event of said debtor neglecting and refusing to file" an undertaking on appeal within a certain time, and three days before that time expired a good and sufficient undertaking was served

on the attorney for the creditor and was retained by him for his own convenience until after the time fixed for filing had expired, but was filed by the debtor immediately upon its being returned to him, the creditor cannot be heard to say that the debtor *neglected and refused* to file the undertaking pursuant to the stipulation. *Donahue v. Gunter*, 142 Wis. 465.

2. To put the debtor in default, under such circumstances, the creditor's attorney should have returned the undertaking in reasonable time for filing, even though no demand for such return was made.

3. Even if a demand were necessary in such a case, the fact that on the last day for filing the attorney for the debtor called twice during ordinary business hours at the office of the creditor's attorney for the purpose of getting the undertaking, and found the door locked, would excuse making demand.

APPEAL from a judgment of the circuit court for Kenosha county: JOHN K. PARISH, Judge. *Reversed.*

Michael G. O'Donnell obtained judgment against plaintiff in a tort action. In due course, the latter was arrested on an execution issued upon such judgment. In such circumstances, he deposited with defendant, as sheriff, $325 to obtain a release; it being stipulated by the attorneys that the deposit should remain sixty days for plaintiff to file a satisfactory undertaking upon appeal to this court, and that, in case of such undertaking not being so filed, the deposit should be applied on the judgment, so far as necessary to satisfy it, or unless, for cause shown satisfactorily to the court, the time for filing the undertaking should be extended. An undertaking, executed in due form, was served upon O'Donnell's attorney and the original exhibited to him, several days before expiration of the sixty-day period. He then expressed satisfaction therewith and admitted service thereon. Plaintiff's attorney intended to forthwith file such original but left it with O'Donnell's attorney, at his request, so he could show it to his client. Plaintiff acted in good faith, intending to perfect the appeal and seasonably file the undertaking. After it was left with O'Donnell's attorney, as stated, plaintiff's attorney, as claimed, within due time called several times at the

former's office to get and file it. The latter was out of the office and the door was locked. The last ineffectual call was March 9, 1909,—the last of the sixty-day period. He called, again, in the evening of that day, about 8 o'clock, and obtained the paper. It was then too late to file it that day; but it was placed on file as soon as practicable the following morning. In such circumstances, the sheriff used the deposit to discharge the judgment, refusing any of it to plaintiff. He sued to recover the same,—admitting that the undertaking was not filed within the sixty-day period, but alleging the delay was caused by refusal or negligence of O'Donnell's attorney in respect to seasonably returning the paper, and to the knowledge of defendant before appropriating the deposit. The latter answered, alleging failure to duly file the undertaking or secure extension of time therefor. The cause was dismissed on the pleadings. Upon appeal, 142 Wis. 465, 470, 125 N. W. 950, the judgment of dismissal was reversed and cause remanded for a new trial, the court holding that, under the circumstances, there was no neglect or refusal, within the meaning of the deposit agreement, to file the undertaking within the sixty-day period; that the conduct of O'Donnell's attorney precluded the defense of failure to file being effective; that the seasonable service of the paper on such attorney and his approval thereof and the omission to thereafter file it within such period by reason of indulging such attorney, did not warrant appropriation of the deposit.

Upon the trial, the claim that the undertaking was seasonably served on O'Donnell's attorney and was satisfactory to him, but the original was not immediately filed because the attorney asked time to exhibit it to O'Donnell, was established without dispute. There was some controversy about what thereafter occurred between such attorney and plaintiff's attorney. However, that the latter tried to obtain possession of the undertaking for the purpose of filing it, that he failed till too late on March 9, 1909; that the paper was promptly filed the next morning, and that, nevertheless, defendant, with

knowledge of the facts, or reasonable means thereof, appropriated the deposit, were very satisfactorily established.

Plaintiff's attorney testified that he relied upon O'Donnell's attorney returning the undertaking in time for filing within the sixty days; that he visited such attorney's office twice to obtain it, March 9, 1909,—each time finding the door locked; and that he visited it again about 8 o'clock in the evening and obtained the paper. O'Donnell's attorney admitted the latter circumstance and did not deny, positively, that his office was locked at the time plaintiff's attorney called thereat, as he stated, or that he told such attorney at the last visit, he did not think the time for filing had expired. The amount due on the judgment, including fees claimed for collecting it, was $304.31, or $20.99 less than the deposit.

At the close of the evidence defendant's counsel asked for a directed verdict in plaintiff's favor for $20.99. The motion was denied. The cause was submitted by instructions, not excepted to nor appearing in the record. The cause was made to turn on whether plaintiff's attorney failed to file the undertaking because of fault of O'Donnell's attorney. The jury rendered a verdict in plaintiff's favor for $20.99. Judgment was entered accordingly, a motion having been made and denied, in the meantime, to set the verdict aside and for judgment for the amount claimed in the complaint.

The cause was submitted for the appellant on the brief of *John C. Slater,* and for the respondent on that of *Calvin Stewart.*

MARSHALL, J. This appeal is ruled in favor of the appellant on elementary principles of estoppel *in pais* and by the decision upon the former appeal, 142 Wis. 465, 125 N. W. 950. The condition upon which respondent was authorized to use the deposit in discharge of the judgment, instead of returning it to appellant, was "neglect or refusal" of the latter to file the undertaking within the stipulated .

"sixty days." It was respondent's duty, as said upon the former occasion, before applying the money upon the judgment, to ascertain whether such contingency had happened. It was further said before:

"It cannot be held that he [appellant] refused to do so, although he may have been guilty of some negligence in not either insisting on its earlier return or moving the court for an extension of time in which to file." Adding:

"When service was made three days before the time within which to file would expire, and the party on whom the service was made retained the document for his own convenience, and neglected or refused to return it, he should not be heard to say that the other party had 'neglected' or 'refused' to comply with the stipulation, until he had placed such party in a position where he could do so."

The purport of the quoted language is, that, in the circumstances which are undisputed, appellant was entitled to opportunity to file the undertaking after coming into possession of it from O'Donnell's attorney; that to have put appellant in default such attorney should have returned the undertaking in reasonable time for filing it. A neglect to return the paper, or offer to do so, whether appellant's counsel demanded it or not, was neglect to return it within the meaning of the former opinion. It was not essential for plaintiff in order to protect his rights to hunt out O'Donnell's attorney and demand back the paper in time for filing within the sixty days. The latter, under the circumstances, should have been the actor, to the extent, at least, of offering to return the paper within the time.

The case was evidently submitted to the jury upon the theory that appellant was in default in not filing the papers within the sixty days, even if it happened because he did not go to the office of O'Donnell's attorney, when such attorney was in, and make demand for the paper in time for filing. There is no satisfactory impeachment of appellant's evidence that he called at such office during the ordinary business

hours, for the purpose of obtaining the paper, twice on the last day for filing and that the door was locked. That excused making demand, even if such were necessary, in order to prevent happening of the event upon which the deposit could be used as it was. So, in any view of the case, the court should have taken the case from the jury in appellant's favor.

*By the Court.*—Judgment reversed, and cause remanded for judgment in accordance with the prayer of the complaint.